Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff, Javal Ashley, on behalf of himself individually and the proposed class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAL ASHLEY, an individual California resident, on behalf of himself individually and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>RESORT VACATIONS INC., a Nevada corporation, and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FAILURE TO PAY MINIMUM WAGE AND COMMISSIONS**<br>2. **LABOR CODE §203 PENALTIES**<br>3. **FAILURE TO PROVIDE REST BREAKS**<br>4. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**<br>5. **FAILURE TO PAY OVERTIME WAGES**<br>6. **WAGE STATEMENT VIOLATIONS**<br>7. **FAILURE TO PAY WAGES OF TERSMINATED OR RESIGNED EMPLOYEES**<br>8. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208)**<br>9. **INJUNCTION**<br>10. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code Section 2698 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Javal Ashley, (hereinafter "Plaintiff" or "Ashley") on behalf of himself and the proposed class, brings the following causes of action against Defendant.

## I.   THE PARTIES

### A.   Plaintiff

1. Plaintiff Javal Ashley is a resident of Azusa, California. During the liability period, and at all relevant times herein, Plaintiff was employed by Defendant Resort Vacations, Inc., in Irvine, California, as a sales supervisor at Defendant's event marketing booths, located throughout San Bernardino, Orange and Los Angeles Counties.

### B.   Defendant

2. Defendant, Resort Vacations, Inc. ("RVI") is a Nevada corporation with its corporate office located in San Juan Capistrano, California, and operates and does business in California. Defendant regularly and systematically does business in Los Angeles Counties, selling timeshares.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure section 474. Plaintiff are informed and believe, and based thereon allege, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES when such identities become known.

## II. GENERAL ALLEGATIONS

4. Plaintiff worked as a sales supervisor at RVI from approximately March 2018 though April 2019, Plaintiff's duties for Defendant, were to market and sell time shares for Defendant.

5. Plaintiff worked at Defendant's marketing booths and kiosks located in San Bernardino, Orange and Los Angeles County locations selling and marketing vacation timeshares.

6. At various times, Plaintiff and the class he seeks to represent worked on a commission only pay plan.

7. Plaintiff regularly worked from RVI's booth at the Ontario Mills mall. Plaintiff was responsible for "cold calling" mall-goers, to attend RVI's vacation ownership preview presentation, and obtain prospective customers from RVI's $40 deposit, in exchange for a 3-day trip (airfare and hotel included). Plaintiff's job duties also included ensuring RVI's booth was run according to Defendant's policies and procedures.

8. In March 2018, Plaintiff was paid on a commission only basis. Plaintiff's commission was based on the number of people who attended RVI's preview presentation, and purchased RVI's vacation ownership packages.

9. Plaintiff alleges he, and the class he seeks to represent were not paid all commissions and pay owed. Plaintiff also alleges that he and the proposed class were paid according to an unfair and illegal commission pay plan where he and other proposed class members were paid hourly against commissions or were, at times, not paid minimum wage, or not paid all pay owed.

10. Plaintiff alleges he and the proposed class were not able to take any meal or rest breaks while working for Defendant, and Defendant had no policy or practice for its employees to take meal and rest breaks.

11. Plaintiff alleges that Defendant's corporate policies and procedures are such that Plaintiff and he class he seeks to represent were not able to, or permitted to, take timely rest and meal breaks while in Defendant's employ. Defendant maintained a company-wide policy and practice to essentially not allow its employees and opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders. Defendant maintains a common policy at all of its RVI booths in California of not allowing Plaintiff, and the class he seeks to represent, proper and legal rest and meal breaks.

12. Plaintiff alleges that Defendant knew or should have known that Defendant's company-wide policies, or lack thereof, and procedures prevent Defendant's employees from taking timely rest and meal breaks.

13. Plaintiff alleges that Defendant engages in uniform and unlawful conduct resulting in violation of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5

14. Plaintiff alleges that Defendant maintains the aforementioned unformed practices and procedures for each of Defendant's locations in California.

15. Defendant's pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiff remained subject to their employers' control. This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

16. Plaintiff alleges Defendant failed to provide accurate, itemized wage statements to Plaintiff as required by Labor Code section 226.

17. Defendant failed to pay all wages owed Plaintiff as required by Labor

Code section 203. This claim results from Defendant's failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

18. The claims for which restitution are owed relate to unpaid wages for late and interrupted meal periods.

19. Plaintiff brings this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendant by engaging in the unlawful conduct complained herein.

20. On June 20, 2019, Plaintiff sent a notice of PAGA claims to Defendants and the California Labor and Workforce Development Agency (LWDA).

### III. CLASS DEFINITION AND ALLEGATION

19. Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in California who worked for Defendants as a timeshare salesperson, or similar job title, in California within the last 4 years.**

Plaintiff reserves the right to amend this class definition.

### IV. CLASS ALLEGATIONS

20. *Numerosity.* The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

21. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, whether and how much Defendants owe Plaintiff and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a) what were and are the policies, programs, practices, procedures and protocols of Defendants regarding Plaintiff and the proposed class members' actual work and tasks and their job duties irrespective of job titles;

(b) whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiff and the proposed class pursuant to Labor Code section 510, and Wage Order No. 4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(c) whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the California Labor Code and related regulations, Cal Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174..5, and 1194, the applicable Cal. Wage Orders;

(d) whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiff and the proposed class;

(e) what were and are the policies, programs, procedures and protocols of Defendants regarding furnishing Plaintiff and the proposed class, upon payment of wages, itemized statements required by Labor Code § 226.

(f) whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(g) whether Plaintiff and the proposed class are entitled to injunctive relief.

22. **_Typicality._** Plaintiff's claims are typical of the claims of the proposed class.

23. **_Adequacy of Representation._** Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has retained counsel experienced in complex consumer class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff have no adverse or antagonistic interests to those of the proposed class.

24. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and

expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

25. Unless a class action is certified here, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and proposed class members. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages and Commissions**

**Labor Code §§ 1194, 1197 and 1197.1**

26. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

27. Defendants illegally failed to pay wages and/ or overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

28. Plaintiff seeks all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil

penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## SECOND CAUSE OF ACTION

### Penalties Pursuant to Labor Code § 203

29. Plaintiffs incorporate paragraphs 1 through 55 above as though fully set forth herein.

30. Plaintiffs, and other class members, are no longer employed by Defendants as they either quit or were terminated.

31. Defendants have failed to pay Plaintiffs and other class members who quit or were terminated all wages owed at the time of termination or within seventy-two (72) hours of resignation and/or termination.

32. Defendants' failure to pay wages, as alleged herein, was willful in that Defendants were aware that wages were due but failed to pay them. This violation entitled Plaintiffs and members of the class who are no longer employed by Defendants to penalties under Labor Code § 203, which provides that an employee's wages shall continue to be paid for up to thirty (30) days from the date they were due.

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Breaks

**(Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

33. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

34. By failing to provide rest periods every four (4) hours or major

fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

35. By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and the proposed class, and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and the proposed class. On information and belief, Plaintiff alleges Defendants' failure to maintain accurate records was willful.

36. As a result of the unlawful acts of Defendants, Plaintiff and the class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

37. Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

38. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

39. Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

      i. No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…

      ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

40. Similarly, Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law. Therefore Plaintiff and the class he seeks to represent are entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

41. Throughout the period applicable to this cause of action, Defendants required Plaintiff and the proposed class to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission. Therefore Plaintiff and the proposed class are entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

42. On information and belief, Plaintiff alleges that class members did not voluntarily or willfully waive rest and/ or meal periods and were regularly required to work through rest and meal periods. Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods. As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and

any written waivers were obtained without full disclosure and are thus involuntary and without consent.

43. Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

44. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

45. Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

46. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

47. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

48. Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

# SIXTH CAUSE OF ACTION

## Wage Statements Violations

### (Labor Code §226(a))

49. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

50. Section 226(a) of the California Labor Code requires Defendants to itemize all 'wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

51. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52. As a consequence of Defendants knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff is entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

53. Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

# SEVENTH CAUSE OF ACTION

## Failure to Pay Wages of Terminated Employees

## (Labor Code § 201-203)

54. Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

55. Plaintiff seeks to represent a subclass of Defendants' employees who are owed penalties under Labor Code section 203 who were discharged or quit their employment within the statute of limitations period applicable to this cause of action. As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

56. Defendant failed to pay Plaintiff,, without abatement, all wages owed to Plaintiff (as defined by applicable California law) within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendant's failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

57. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

58. Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

# EIGHTH CAUSE OF ACTION

## Violations of the Unfair Competition Law

### (Bus. & Prof. Code, §§ 17200-17208)

59. Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

60. Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

61. The actions of Defendants in failing to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

62. Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law. Plaintiff brings this cause individually subject to Defendants' unlawful acts and practices.

63. As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff and the members of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq*. Plaintiff is informed and believe,

and on that basis allege, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiff and members of the public.

64. Plaintiff is informed and believes, and on that basis allege, that Plaintiff were prejudiced by Defendants' unfair trade practices.

65. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

66. The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiff alleges that if Defendants is not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

67. Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

68. Plaintiff alleges Defendants are liable to Plaintiff and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## NINCH CAUSE OF ACTION

### Injunction

69. Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

70. Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein.

71. Defendants' practices caused Plaintiff to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendants.

72. Plaintiff seeks to enjoin Defendant from continuing their ongoing wage and hour violations at Defendants' and Defendants' client's places of business.

73. Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

### TENTH CAUSE OF ACTION

**Violations of the Private Attorneys General Act of 2004**

**Labor Code § 2698 et seq.**

74. Plaintiff re alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

75. As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, 2802, and Wage Order 2-2001.

76. For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

    a. For $100 for the initial violation per pay period.

    b. For $200 for each subsequent violation per pay period. These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

76. Plaintiff filed a PAGA complaint online with the LDWA on or about June 20, 2019, and served Defendant by certified mail as prescribed by the Labor

Code. Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

77. Defendants have violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 and Wage Order 2-2001 as it pertains to Plaintiff.

## VI. PRAYER FOR RELIEF

Plaintiff prays as follows:

1. That the Court determine that the failure of the Defendants to pay compensation to the Plaintiff be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendant be ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3. That the Defendants be ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4. That the Defendants be ordered to pay and judgment be entered for Liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiff according to proof;

6. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiff according to proof;

7. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff according to proof;

8. That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

ASHLEY v. RESORT VACATIONS, INC. – COMPLAINT

9. That the Defendants be ordered and enjoined to pay restitution to Plaintiff due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** October 25, 2019          **HAMNER LAW OFFICES, APLC**

_____
By: Christopher J. Hamner, Esq.
Attorneys for Plaintiff Javal Ashley and the proposed class

PROOF OF SERVICE